

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH ASKEW, both individually and derivatively on behalf of THE GENERAL ASSEMBLY OF THE CHURCH OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH<br>Plaintiff<br>v.<br>THE TRUSTEES OF THE GENERAL ASSEMBLY OF THE CHURCH OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC., a Pennsylvania Not-for-Profit Corporation,<br>and<br>KENNETH SHELTON, individually, and as President of the Board of Trustees of The Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc.,<br>and<br>JOHN CARLTON THOMAS, JOHNNY RAY BROWN, ANTHONY LAMB, ALONZO W. REAGAN, LEON BLIGEN, JAMES HENRY BROWN, and ERIK SHELTON, all individually, and as trustees of The Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc.<br>Defendants<br>and<br>DONNA SHELTON, RUTH G. LIVINGSTON, MARY THOMAS, and all individually, and as constructive trustees.<br>Defendants | Civil Action. No.<br><br>09      0015 |

**ORIGINAL**

## COMPLAINT - CIVIL ACTION

Joseph Askew, both individually as a member of the unincorporated General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, also known as the Church of the Lord Jesus Christ of the Apostolic Faith ("Church"), and derivatively on behalf of all of the members of the unincorporated Church, seeks a judgment for money damages, both jointly and severally,

against Defendants Kenneth Shelton, John Carlton (Shelton) Thomas, Johnny Ray Brown, Anthony Lamb, Alonzo W. Reagan, Leon Bligen, James Henry Brown, Erik Shelton, Donna Shelton, Ruth G. Livingston, and Mary Thomas both individually and as Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc. (the "Corporation"), and seeks declaratory and injunctive relief against the Corporation, based upon the following causes of action.

## THE PARTIES

1.      Plaintiff Joseph Askew is a resident and a citizen of the State of Maryland, residing at 424 Lincoln Drive, Glen Burnie, Maryland 21060. He brings this action both individually as a member of the Church and derivatively on behalf of all members of the unincorporated Church.

2.      Defendant Kenneth Shelton is a resident and a citizen of the Commonwealth of Pennsylvania, residing at 444 Darlington Road, Media, PA 19063. He was appointed a trustee of the Corporation on or before May 26, 1977, and has held de facto control over the unincorporated Church and the Corporation at all times from October 1991 to the present.

3.      Defendant John Carlton Thomas is a resident and a citizen of the Commonwealth of Pennsylvania, residing at 1116 West Maple Avenue, Langhorne, PA 19047. Since March 14, 1990, Thomas has been a Trustee of the Corporation, and was elected the Chief Administrator of the Corporation on December 28, 1991 and still holds that position.

4.      Defendant Johnny Ray Brown is a resident and a citizen of the State of New Jersey, residing at 34 Peoria Lane, Sicklerville, NJ 08081. Brown is a Trustee of the Corporation, and has held such position since August 1998 or before. Brown also is a lawyer licensed to practice in the Commonwealth of Pennsylvania, is the general counsel for the Corporation, and maintains his

2

583150-1

law offices at the Church headquarters at 701 South 22nd Street, Philadelphia, PA 19146.

5.      Defendant Anthony Lamb is a resident and a citizen of the State of North Carolina,
residing at 3430 Sunset Avenue, Apartment #2D, Rocky Mount, NC  27804.   Lamb has been a
Trustee of the Corporation since at least 2005.

6.      Defendant Alonzo W. Reagan is a resident and a citizen of the Commonwealth of
Pennsylvania, residing at 8400 Lindbergh Boulevard, Apartment 912, Philadelphia, PA 19053.
Reagan has been a Trustee of the Corporation since May 26, 1977.

7.      Defendant Leon Bligen is a resident and a citizen of the State of New York, residing
at 21016  93rd Avenue, Queens Village, NY 11428.  Bligen has been a Trustee of the Corporation
since September 1, 1994.

8.      Defendant James Henry Brown is a resident and a citizen of the State of Florida,
residing at 2074 West 17th Street, Jacksonville, Florida 32209.  Brown has been a Trustee of the
Corporation since on or about September 1995.

9.      Defendant Erik Shelton is a resident of and a citizen of the Commonwealth of
Pennsylvania, residing at Executive House Apartments, #902, 6100 City Avenue, Philadelphia,
PA 19131.  Erik Shelton has been a Trustee of the Corporation since May 26, 1977.

10.     The Defendants identified in paragraphs 5 through 9 are collectively referred to in
this Civil Complaint as the "Trustees."

11.     Defendant Mary Thomas is a resident and a citizen of the Commonwealth of
Pennsylvania, residing at 1116 West Maple Avenue, Langhorne, PA  19047.  Mary Thomas is a
constructive trustee by virtue of possession of property both real and personal that was acquired
with misappropriated and stolen funds

3

583150-1

12.    Defendant Mrs. Johnny Ray Brown is a resident and a citizen of the State of New Jersey, residing at 34 Peoria Lane, Sicklerville, NJ 08081.  Mrs. Johnny Ray Brown is a constructive trustee by virtue of possession of property both real and personal that was acquired with misappropriated and stolen funds

13.    Defendant Donna Shelton is a resident and a citizen of the Commonwealth of Pennsylvania, residing at 444 Darlington Road, Media, PA  19063.  Donna Shelton is a constructive trustee by virtue of possession of property both real and personal that was acquired with misappropriated and stolen funds.

14.    The Defendant Corporation is a nonprofit corporation of the Commonwealth of Pennsylvania with its registered address, and its principal place of business, located at 701 South 22nd Street, Philadelphia, Pennsylvania, 19146.  The Corporation was incorporated for the sole purpose of holding in trust the property of the unincorporated Church.  The Corporation is named as a Defendant only because some of the relief sought, such as an amendment in Corporation's Articles of Incorporation and/or the appointment of a custodian pursuant to the Pennsylvania Nonprofit Corporation Law, require that the Corporation be named as a party.  No money damages are sought from the Corporation.

## JURISDICTION AND VENUE

15.    Subject matter jurisdiction is proper under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and all the defendants and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

4

583150-1

16.    13.    Under 28 U.S.C. § 1391, venue is proper in the Eastern District of Pennsylvania because a substantial part of the events giving rise to this action occurred in this District.

## THE DERIVATIVE CLAIM AND THE DEMAND REQUIREMENT

17.    Plaintiff brings this suit individually and derivatively on behalf of the members of the unincorporated Church in order to obtain a remedy for (i) the self dealing and wasteful acts, as enumerated further below, of Defendant Kenneth Shelton and the Trustees that have caused the Corporation to take action contrary to the sole purpose set forth in its constituent documents of holding the property of the unincorporated Church in trust for the Church and its members; and (ii) Defendant Kenneth Shelton's and the Trustees' breach of their fiduciary obligations of loyalty and due care to the Corporation, the unincorporated Church, and/or its members.

18.    The remedies being sought are for the benefit of the unincorporated Church and/or Corporation, and ultimately for the benefit of the members of the unincorporated Church for which the Corporation is holding property in trust, and not for the benefit of the Plaintiff individually other than as a member of the unincorporated Church.

19.    Defendant Kenneth Shelton, the Trustees, and/or those acting on their behalf obtained control of the unincorporated Church and the Corporation by violence and intimidation. As found in a July 12, 2000 Order and Opinion of Judge Younge of the Court of Common Pleas of Philadelphia County, those members of the unincorporated Church in agreement with the late Elder Nehemiah Shelton (the General Secretary of the Church under Bishop S. McDowell Shelton and later the interim General Overseer of the Church following the death of S. McDowell Shelton pursuant to the Bylaws of the Church) were physically removed from the premises of the Philadelphia Church

5

583150-1

property (but not removed from Church membership) by Defendant Kenneth Shelton, one or more of

the Trustees, and others acting under their direction, and the Plaintiff and others in agreement with

the late Elder Nehemiah Shelton were later threatened with further bodily harm when questions arose

concerning the leadership of the unincorporated Church and the Corporation following the 1991

death of Bishop S. McDowell Shelton.   A true and correct copy of Judge Younge's July 12, 2000

Order and Opinion is attached hereto as Exhibit "A."

20.     The unincorporated Church and/or the Corporation is, in effect, closely held and it

will not bring these claims because they are under the complete domination and control of

Defendant Kenneth Shelton and the defendant Trustees, who answer only to Defendant Kenneth

Shelton.

21.     For this reason, Plaintiff brings this action, in part, derivatively, as neither the

unincorporated Church nor the Corporation will assert the common law and statutory claims

against Defendant Kenneth Shelton and the Trustees asserted herein.  A demand also is not

required to bring this derivative action, as the Pennsylvania courts treat derivative actions by

members of a corporation as a direct action under §701(d) of the ALI Principles of Corporate

Governance where the plaintiff, as here, is properly viewed as a member in a closely-held

corporation.

## **BACKGROUND**

22.     The unincorporated Church was formed in the early part of the Twentieth Century

under the leadership of Bishop Sherrod C. Johnson.  Under the leadership of Bishop Johnson, the

unincorporated Church grew substantially in membership and size over the years.

23.     On or about December 10, 1947, owing to the growth of the unincorporated

583150-1

Church, Bishop Johnson caused the Corporation to be duly incorporated as a nonprofit corporation under the then current laws of the Commonwealth of Pennsylvania.  The Corporation's present registered and corporate offices are at 701 South 22nd Street, Philadelphia, Pennsylvania.

24.     Article III of the Corporation's Articles of Incorporation specifically provide that the purpose for which the Corporation was being formed was  "To take, receive, have, hold and manage real and personal property in trust for the use and purpose specified by" the Articles of Incorporation, The Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., March Term 1947, No. 2175 ("Corporation Articles"), a true and correct copy of which is attached hereto as Exhibit "B" (emphasis added).

25.     Article III of the Corporation Articles' further provides that the President of the Corporation and the individual trustees are required to serve without salary or profit, said Article III specifically provides that the Corporation's "purposes do not contemplate pecuniary gain or profit, incidental or otherwise, to its members."   Id.

23.     The Bylaws of the unincorporated Church also provide that all of its assets are to be titled in the name of the Corporation, and the Corporation is to hold those assets in trust for the benefit of the unincorporated Church. See Condensed Manual of the Doctrine, Rules and By-Laws of the Church of the Lord Jesus Christ of the Apostolic Faith and the Rules and By-Laws of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith (published 1958) (collectively, "Church Bylaws," a true and correct copy of which is attached hereto as Exhibit "C.")

24.     It is the custom and practice that the Bishop and General Overseer takes a vow of

7

poverty subject to his lifetime appointment. All the acts alleged herein perpetrated by Defendant Kenneth Shelton are in violation of the vow of poverty

25. Under the Church Bylaws, the General Overseer (General Elder) of the unincorporated Church is also the President of the Corporation. *See* Exhibit C, at Art. II page 19. Since the position of General Overseer of the unincorporated Church is a lifetime appointment, the appointment of President of the Corporation is also a lifetime appointment. The Church Bylaws also provide that, while the trustees of the Corporation are elected by the members of the unincorporated Church, the only candidates who are authorized to run for election as trustees are those chosen exclusively by the appointed-for-life General Overseer and President of the Corporation. *Id.* at Article VII..

26. On February 22, 1961, Bishop S.C. Johnson died and the then Secretary General S. McDowell Shelton became General Overseer.

27. On October 13, 1991, the successor to Bishop Johnson and the then General Overseer of the unincorporated Church and the President of the Corporation, Bishop S. McDowell Shelton, died.

28. Shortly thereafter, Defendant Kenneth Shelton and others acting with him, including one or more of the Trustees, used physical force and threats of physical force to elect Defendant Kenneth Shelton as the General Overseer of the unincorporated Church. As a result of his election as General Overseer, Defendant Kenneth Shelton became President of the Corporation. Defendant Kenneth Shelton subsequently used his authority as General Overseer of the unincorporated Church to cause the election of the Trustees to their posts.

8

29.     For most if not all of the period from 1991 to the present, Kenneth Shelton has been in de facto control of the unincorporated Church and the Corporation.  During this period, Defendant Kenneth Shelton, as both the General Overseer of the Church and President of the Corporation, owed fiduciary duties of loyalty and due care to the unincorporated Church, its members, and the Corporation pursuant to both the common law and the Pennsylvania Nonprofit Corporation Law, 15 Pa.C.S.A. Sec. 5712 (a).

30.     At all times relevant hereto, each of the Defendant Trustees owed fiduciary duties of loyalty and due care to the unincorporated Church, its members, and the Corporation during the period of time that they have served as trustees of the Corporation pursuant to both the common law and the Pennsylvania Nonprofit Corporation Law, 15 Pa.C.S.A. Sec. 5712(a).

31.     From 1991 to the present, Defendant Kenneth Shelton and/or those acting under his direction and control, including but not limited to the Trustees, have engaged in a continuous pattern of self-dealing and wasteful behavior in connection with the assets of the unincorporated Church held in trust by the Corporation.  This continuous course of conduct constitutes an ongoing breach of Defendant Kenneth Shelton's fiduciary duties of loyalty and due care to the unincorporated Church, its members, and the Corporation.

32.     From 1991 to the present, the defendant Trustees and/or those acting under their direction and control have acted in concert with Defendant Kenneth Shelton to engage in a continuous pattern of self-dealing and wasteful behavior in the administration of the assets of the unincorporated Church held in trust by the Corporation.  This continuous course of conduct by

9

one or more of the Trustees constitutes a breach of the Trustees' fiduciary duties of trust, loyalty and due care to the unincorporated Church, its members, and the Corporation.

33.     For example, from 1992 through 1998, in direct violation of his fiduciary duties of trust, loyalty and due care to the unincorporated Church, its members, and the Corporation, Defendant Kenneth Shelton, with the apparent knowledge and consent of the Trustees, fraudulently removed an amount of not less than $966,181.43 from the Corporation's bank accounts. Defendant Kenneth Shelton also enjoyed improper personal credit card expenditures which were paid using assets held in trust by the Corporation for the benefit of the unincorporated Church and its members in the amount of approximately $2.7 million. The said expenditure of $2.7 million also included the use of Corporation assets for one or more $50,000 per night hotel stays in France for purely personal purposes. *See* Report of James A. Stavros, CPA of the firm of Linquist, Avery, Macdonald & Baskerville, a true and correct copy of which is attached hereto as Exhibit "D."

34.     A report prepared by a receiver appointed by a duly appointed arbitrator , GlassRatner Management and Realty Advisors, LLC, of Atlanta, Georgia ("GlassRatner"), also concluded that Kenneth Shelton, as President of the Corporation, had failed to properly maintain and account for the property held by the Corporation for the use and benefit of the unincorporated Church and its members. A true and correct copy of the GlassRatner Management and Realty Advisor, LLC, report is attached hereto as Exhibit "E" hereto. Among other things, it can be extrapolated that, beginning in 1991, the Corporation, the unincorporated Church, and its members, have been the victims of systematic financial fraud and abuse committed by Defendants Kenneth Shelton, the Trustees and the Constructive Trustees.

35.     In an effort to conceal their course of self-dealing, waste and fraud Kenneth

10

Shelton and the Trustees have failed to prepare and/or file any financial statement for the Corporation, as required by the Pennsylvania Nonprofit Corporation Law, 15 Pa. C.S.A. Sec. 5553, from 1991 to the present.

36.    Plaintiff and/or others have not and cannot discover the full extent of the financial fraud perpetrated by Defendant Bishop Kenneth Shelton and the Trustees Defendants because (i) these Defendants have failed and refused to comply with Pennsylvania law requiring the Corporation to file annual financial statements with the Pennsylvania Secretary of State; and (ii) because Defendant Bishop Kenneth Shelton, the Trustee Defendants and others acting in concert with them have used physical violence and threats of physical violence to discourage or prevent inquiry by Plaintiff and/or others into the financial affairs of the Corporation.

37.    Up until at least 2005, Bishop Kenneth Shelton and the Trustees have paid or permitted the payment of lavish salaries to themselves and to members of their immediate families, even though the Corporation's Articles require Bishop Kenneth Shelton and the Trustees to serve without payment of any salaries or otherwise receive any pecuniary benefit, and the family members of Defendant Kenneth Shelton and the Trustees Defendants do not, in fact, work or otherwise provide any benefit to the unincorporated Church or the Corporation. Likewise, Bishop Kenneth Shelton and the Trustees Defendants also, have condoned and paid "stipends" and "housing allowances" to themselves and to family members, without just or valid cause, and for activities that do not in any way benefit the Corporation or the unincorporated Church, in direct violation of Article III of the Corporation's Articles.

38.    In addition to being in violation of the Corporation's constituent documents, these payments of stipends and housing allowances have been made without income and other employment

11

taxes being withheld in accordance with applicable tax laws and regulations, and thus have placed the Corporation outside the bounds of the law and have placed it at risk for fines and penalties by various taxing authorities.

39.     Defendant Kenneth Shelton, the Trustees, and those acting

in concert with them have breached their fiduciary duty of due care to the Corporation, the unincorporated Church, and its members by failing to pay appropriate taxes, perform necessary repairs, and otherwise allowing real property held by the Corporation in trust for the unincorporated Church and its members to fall into disrepair, be subject to tax and other liens, and/or otherwise lose value.

## COUNT I
### (Breach of Fiduciary Duty to the Church and Its Members)

40.     Plaintiff hereby incorporates, as if fully set forth herein, the allegations in paragraphs 1 through 39 of this Civil Complaint.

41.     The Church Bylaws and the Corporation Certificate establish that the Corporation is holding property in trust for the unincorporated Church and its members, and that Defendant Kenneth Shelton, as President of the Corporation, and the Trustees are managing the assets that the Corporation is holding in trust for the unincorporated Church.

42.     Defendant Bishop Kenneth Shelton, as General Overseer of the Church and President of the Corporation, the Trustees, and those acting under their authority and on their behalf have breached their fiduciary duties of loyalty and due care to the unincorporated Church and its members by, *inter alia*, diverting assets of the unincorporated Church for their own personal use, engaging in fraud and physical violence towards Church members, and/or

12

583150-1

otherwise wasting the assets of the unincorporated Church by not paying taxes on real property, not paying taxes on salaries and other income, not performing necessary repairs and/or otherwise negligently managing assets of the unincorporated Church.

43.     As a direct and proximate result of these breaches of fiduciary duty by Defendant Kenneth Shelton and the Trustees, the Plaintiff, the unincorporated Church and its membership, including the Plaintiff, have suffered substantial damages in an amount to be determined at trial but to be in excess of $100,000.

## COUNT II

### (Breach of Fiduciary Duty to the Corporation)

44.     Plaintiff hereby repeats and re-alleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 43 of this Civil Complaint.

45.     Defendant Kenneth Shelton and the other individual Trustee Defendants have breached their fiduciary duties of trust, loyalty and due care to the Corporation under the common law and Pennsylvania's non-profit law to the Corporation by a continuous course of self dealing, fraud, theft, wasteful actions, and by making payments to themselves and to their family members in violation of the Corporation's Certificate since 1991 or shortly thereafter.

46.     By failing and refusing to prepare and distribute the statutorily required annual financial statements, Defendant Kenneth Shelton and the Trustees have sought to hide the nature and extent of their unlawful activity, which could not reasonably have been discovered by a prudent person without such disclosures.

47.     As a direct and proximate result of these breaches of the fiduciary duties of loyalty and due care by Bishop Kenneth Shelton and the Trustees, the unincorporated Church, its membership including the Plaintiff, and/or the Corporation have suffered substantial damages in

583150-1

13

an amount to be determined at trial but in excess of $100,000.

## COUNT III
### (Declaratory Judgment/Amendment to Corporation's Articles of Incorporation)

48.     Plaintiff hereby repeats and re-alleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 47 of this Civil Complaint.

49.     The Church Bylaws and the Corporation Certificate establish a close relationship between the unincorporated Church and the Corporation, as the sole purpose of the Corporation is to hold title to the property of the unincorporated Church.

50.     Under the Corporate Articles as they presently exist, the only "members" of the Corporation, at least from the face of the Corporation's Bylaws, are the actual Trustees themselves.  For this reason, it has been asserted by Defendant Kenneth Shelton and/or the Trustees in other litigation that the members of the unincorporated Church lack standing to take legal action to seek a remedy for the ongoing breach of fiduciary duties by Bishop Kenneth Shelton and/or the Trustees.

51.     Without this Court's intervention, the Plaintiff, individually and as a member of the unincorporated Church, the unincorporated Church, and the Corporation will not be able to stop the substantial harm that Defendant Kenneth Shelton and the Trustee Defendants have been inflicting on the Corporation, the unincorporated Church, and its members by and through their ongoing breaches of their fiduciary duties of loyalty and due care to the Corporation, unincorporated Church and its members.

52.     A substantial dispute exists between the parties concerning the lawfulness of the Corporation's Articles and the rights and authority of the Plaintiff and other members of the unincorporated Church to seek a remedy for the ongoing breaches of fiduciary duty by Defendant

14

Kenneth Shelton and the Trustees.

53.     The present structure of the Corporation is unlawful under 15 Pa.C.S.A. §5504(a) because the present Articles of Incorporation and the Church Bylaws do not permit the Church members who created the Corporation for the benefit of the Church and its members to overrule the adoption of bylaws or amendments thereto by the Trustees

54     Plaintiff is entitled to have Corporation's Certificate amended so that the Plaintiff and/or other members of the unincorporated Church have full rights as members to the Corporation, and that they may take those actions that a member of the Corporation would be entitled to take under Pennsylvania law to stop breaches of fiduciary duty and other illegal actions of Bishop Kenneth Shelton and the Trustees.

## COUNT IV
### (Issuance of Financial Statements)

55.     Plaintiff hereby repeats and re-alleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 54 of this Civil Complaint.

56.     15 Pa. C.S.A. §5553 of the Pennsylvania Nonprofit Corporation Law requires the Corporation to prepare annual reports.  The required reports must include, among other things, a listing of (a) the Corporation's assets and liabilities, including but limited to any trust funds; (b) the principal changes in the value or nature of the Corporation's assets and liabilities; (c) any and all revenue and receipts of the Corporation, both restricted and unrestricted; and (d) the expenses and disbursements of the Corporation as at the end of the fiscal year immediately preceding the date of the report.

57.     15 Pa. C.S.A. §5553 requires that these annual reports be verified by the president and treasurer or by a majority of the board of directors.

583150-1

58.     Since at least 1995, Defendant Kenneth Shelton and the Trustees have had actual notice of these statutory reporting requirements.  Nevertheless, Defendant Kenneth Shelton, the Defendant Trustees, and those acting under their direction have persistently failed to issue any of these statutorily required financial statements in an apparent effort to conceal their ongoing breaches of their fiduciary duties to the Corporation, the unincorporated Church, and its members and other illegal or improper activities.

59.     Plaintiff, as a member of the incorporated Church and/or the Corporation, is entitled to an order requiring Defendant Bishop Kenneth Shelton and the Defendant Trustees to immediately cause the issuance of full and complete financial statements by the Corporation, as required by 15 Pa. C.S.A. §5553, for the fiscal years ending July 1992 through and including July 2007.

### COUNT V
### (Appointment of a Custodian)

60.     Plaintiff hereby repeats and re-alleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 59 of this Civil Complaint.

61.     Defendant Kenneth Shelton and the Trustees, as Trustees of the Corporation, have engaged in or condoned a 17 year long course of continuous and repeated self-dealing, reckless conduct, breaches of fiduciary duty, failure to comply with statutory obligations relating to financial reporting, and/or other improper or illegal behavior by the Defendant Kenneth Shelton, the Trustees, and the Corporation.

62.     Owing to the Defendants' long-term pattern of self-dealing, waste of corporate assets, and illegal activities, Plaintiff, both individually as a member of the Church, and/or derivatively on behalf of all members of the Corporation and/or Church, requests that this Court

583150-1

remove Defendant Kenneth Shelton and all of the individual Trustees of the Corporation from holding any office in the Corporation pursuant to 15 Pa. C.S.A. §57269(c), and to bar any of them from holding office in the Corporation for a substantial period of time.

63.     Plaintiff, as a member of the Church and/or the Corporation, is entitled to a Court order appointing a Custodian or Custodians to take charge of the management and other affairs of the Corporation until a new election for General Overseer of the Church and/or the Trustees of the Corporation can be held, all pursuant to 15 Pa. C.S.A. §5764(a)(2) and 15 Pa. C.S.A. §5981(2)

## COUNT VI
### (Accounting and Restitution for Unjust Enrichment)

64.     Plaintiff hereby repeats and re-alleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 63 of this Civil Complaint.

65.     Defendant Kenneth Shelton and/or one or more of the Trustees have fraudulently and illegally diverted to their own personal use assets of the unincorporated Church being held in trust by the Corporation believed to have a value in excess of several million dollars, and thus have been unjustly enriched thereby.

66.     As a direct and proximate result of Defendant Kenneth Shelton's and/or one or more of the Trustees fraudulent and illegal diversion of assets of the unincorporated Church being held in trust by the Corporation, the unincorporated Church and/or the Corporation are entitled to restitution in an amount to be determined at trial but believed to be in excess of $100,000.

## COUNT VII
### (Civil Conspiracy Against the Individual Defendants)

583150-1

67.     Plaintiff hereby repeats and re-alleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 66 of this Civil Complaint.

68.     The improper, fraudulent, illegal conduct, as well as in particular the continuous breaches of fiduciary duty and unjust enrichment, alleged herein were committed knowingly and maliciously by Defendant Kenneth Shelton and/or one or more of the Trustees pursuant to and in furtherance of a combination scheme and conspiracy to use their power over the Corporation to enrich themselves at the expense of, and without regard to the rights of, the unincorporated Church and its membership.

69.     On information and belief, Defendant Kenneth Shelton and/or one or more of the Trustees were aided and abetted in the conception and implementation of this conspiratorial plan and scheme, and in its concealment by failing to abide by various federal, state and local laws and regulations, by other persons and co-conspirators, known and unknown, including without limitation certain Church members and others.

70.     As a direct proximate result of the defendants' civil conspiracy, the Plaintiff, as a member of the unincorporated Church and/or the Corporation, is entitled to monetary damages in an amount to be determined at trial but believed to be in excess of $100,000.


**COUNT VIII**
**(Constructive Trust)**

71.     Plaintiff hereby repeats and re-alleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 70 of this Civil Complaint.

583150-1

72.    As a result of Defendant Kenneth Shelton's and/or one or more of the Trustees' violations of their fiduciary duties to the Corporation resulting in the improper, unlawful, fraudulent, and illegal diversion of property being held in trust for the unincorporated Church to the personal use and benefit of the defendants, the Plaintiff, as a member of the unincorporated Church and/or the Corporation, is entitled to the imposition of a constructive trust on (i) all funds and assets properly belonging to the Corporation and being held in trust for the unincorporated Church and that are in the hands or under the control of Defendant Kenneth Shelton and/or one or more of the Trustees; and (ii) on all other assets of one or more of the defendants, including interests in other entities, acquired by them with funds or assets that the Corporation held in trust for the unincorporated Church.

73.    Defendant Donna Shelton by virtue of receipt of assets properly held in trust for plaintiff and other church members, but diverted to the use of defendant, defendant therefore is a constructive trustee of the property for the benefit of the said plaintiff and other church members.

74     Defendant Mary Thomas by virtue of receipt of assets properly held in trust for plaintiff and other church members, but diverted to the use of defendant, defendant therefore is a constructive trustee of the property for the benefit of the said plaintiff and other church members.

75     Defendant Ruth G. Livingston by virtue of receipt of assets properly held in trust for plaintiff and other church members, but diverted to the use of defendant, defendant therefore is a constructive trustee of the property for the benefit of the said plaintiff and other church members.


## REQUEST FOR RELIEF

583150-1

**WHEREFORE**, Plaintiff, as a member of the unincorporated Church and on behalf of its membership, and derivatively on behalf of the unincorporated Church and/or the Corporation, requests that judgment be entered in his favor and against the defendants as follows:

A.       With respect to Count I, awarding monetary damages in an amount to be determined at trial, together with pre-judgment interest, for Defendant Kenneth Shelton's and the Trustees' ongoing course of action causing the Corporation to breach its fiduciary duties of loyalty and due care to the unincorporated Church and its members, including the Plaintiff;

B.       With respect to Count II, awarding monetary damages in an amount to be determined at trial, together with pre-judgment interest, for Defendant Kenneth Shelton's and the Trustees' ongoing breach of its fiduciary duties of loyalty and due care to the Corporation.

C.       With respect to Count III, declaring and ordering that (i) the Corporation's Articles are unlawful under Section 5504(a) of Pennsylvania's Non-Profit Law; (ii) the Corporation's Articles must name and recognize as members of the Corporation the members of the unincorporated Church in order to be lawful under Section 5504(a); and (iii) the Plaintiff and/or the other members of the unincorporated Church have full rights under the amended Corporation Articles to enforce the statutory and/or common law duties and obligations of Defendant Bishop Kenneth Shelton and/or the Trustees under Pennsylvania law to the Corporation;

D.       With respect to Count IV, directing the Corporation, Defendants Kenneth Shelton and/or the Trustees to prepare and file financial statements on behalf of the Corporation from 1991 through the present within fourteen (14) days of this Court's Order, or suffer sanctions both individually and as Trustees of the Corporation in an amount per day determined by the Court in order to deter further delay;

E.       With respect to Count V, ordering Defendant Kenneth Shelton and the Trustees

583150-1

removed from their positions of authority in the unincorporated Church and/or Corporation and appointing a custodian or custodians to take charge of the management and other affairs of the Corporation until new elections for General Overseer of the unincorporated Church and/or for the Trustees of the Corporation can be held pursuant to 15 Pa. C.S.A. §5764(a)(2) and 15 Pa. C.S.A. §5981(2);

      F.      With respect to Count VI, ordering and requiring Defendant Kenneth Shelton and the Trustee to pay restitution to the unincorporated Church and/or Corporation, in an amount equal to the value of the Church and/or Corporate assets that were improperly, illegally, fraudulently and/or unlawfully diverted for the benefit of Defendant Kenneth Shelton and/or the Trustees, and/or for the benefit of their family members, in an the amount to be determined at trial, together with pre-judgment interest;

      G.      With respect to Count VII, awarding monetary damages from all of the defendants, jointly and severally, in an amount to be determined at trial, together with prejudgment interest, as a result of the defendants' civil conspiracy, and awarding Plaintiff punitive damages against such defendants as a result thereof; and

      H.      With respect to Count VIII, imposing a constructive trust on the funds and assets described therein; and, awarding such other relief as the Honorable Court deems just and proper.

Fincourt B. Shelton, Esquire
Attorney I.D. No. 31598
504 Main Street, Suite 100
Darby, PA  19023
(610)532-5550

Dated:  December 22, 2008

21

## **VERIFICATION**

I, Joseph Askew, hereby verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, all pursuant to 28 U.S.C. §1746.

Joseph Askew